**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CRIMINAL NO. 22-MJ-141** |
| **v.** | **:** | |
| | **:** | |
| **QUWAN DAVIS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court for the entry of a protective order governing the production of discovery by the parties in the above-captioned case. The United States and counsel for defendant have reached an agreement as to the proposed protective order. Therefore, the United States is authorized to represent to the Court that the defendant does not oppose this motion or the entry of the attached protective order.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:    /s/Janani Iyengar
Janani Iyengar
Assistant United States Attorney
NY State Bar No. 5225990
555 4th Street, N.W., 4237
Washington, D.C. 20530
202-252-7760
Janani.iyengar@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 22-MJ-141** |
| **v.** | : | |
| | : | |
| **QUWAN DAVIS,** | : | |
| | : | |
| **Defendant.** | : | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

To expedite the flow of discovery material between the parties and adequately protect personal identity information and other sensitive information, as well as to comply with the Crime Victims' Rights Act (CVRA) 18 U.S.C. § 3771, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

**All Materials**

1.      **Limitations on Use -** All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      **Confidential Materials –** Defense counsel and the defendant shall treat all names/titles of child pornography files, coconspirator and victim names, usernames, and identifying information, as well as identifying information (telephone numbers, usernames) associated with the undercover agent in this case, as confidential.   These usernames, identifying information, and file names shall not be used at public hearings or quoted or copied in documents filed with the Court unless those documents are filed under seal.

3.      **Limitation on Disclosure** – Defendant may review discovery containing these items at any time in the presence of defense counsel.   However, the defendant shall not be permitted to keep or take with him such discovery.

3

4.      **Limitations on Copying Materials -** Defense counsel and defendant may disclose, make copies of, or reveal discovery containing the above-mentioned items to defense counsel's legal assistants and other employees assisting in defense preparation and to defense experts, provided that counsel instructs such other persons that further disclosure is prohibited. Such copies and reproductions shall be treated in the same manner as the original materials.   The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, without prior written consent of the Government or further order of the Court, and all such notes or records are to be treated in the same manner as the original materials.

5.      **Preventing duplication of materials during viewings -** If defense counsel authorizes the materials to be viewed by the defendant or any court-authorized person, defense counsel shall ensure that the defendant or such court-authorized person does not photograph, take screen shots, or otherwise duplicate or disseminate the materials.

## <u>Scope of this Order</u>

6.   **At Termination of Proceedings** – Defense counsel may retain the materials upon the conclusion of the case.   This Order shall remain in force after the conclusion of the case and shall continue to govern the use, disclosure, and retention of the materials.

7.   **Automatic exclusions from this Order -** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

8.   **No ruling on discoverability or admissibility** - This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this _____ day of _____, **2021**.

_____
THE HONORABLE **G. MICHAEL HARVEY**
UNITED STATES MAGISTRATE JUDGE